IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(Southern Division)

| | |
|---|---|
| Birmingham Plumbers and Steamfitters Local Union No. 91 Pension Plan, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: ) ) |
| Heather Nicole Metcalf; Brian Wayne Mabry; and Cynthia Mabry Granberry, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER OR ALTERNATIVELY FOR DECLARATORY JUDGMENT

Birmingham Plumbers and Steamfitters Local Union No. 91 Pension Plan asserts the following facts and makes the following request for relief against the Defendants Heather Nicole Metcalf; Brian Wayne Mabry; and Cynthia Mabry Granberry:

1.  Birmingham Plumbers and Steamfitters Local Union No. 91 Pension Plan is a defined benefit pension plan. The Plan alleges that it owes a benefit to the appropriate beneficiary of Mr. Hoyt Dewayne Mabry, a participant in the Plan who died on or about January 10, 2019. Two claims have been filed with the Plan.

This action is filed to avoid multiplicity of claims against the Plan, inconsistent obligations, and to make certain that the correct beneficiary is paid.

## JURISDICTION

2. This Court has jurisdiction of this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132.

3. This action is filed as an interpleader action pursuant to Federal Rule of Civil Procedure 22. The Plan is a stakeholder and admits that a benefit is payable but is uncertain as to the appropriate payee of the stake. The Plan has no claim to the stake.

4. Alternatively, the Plan seeks a declaration pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57 of the relative rights and responsibilities of the parties to this action.

## PARTIES & VENUE

5. Plaintiff, Birmingham Plumbers and Steamfitters Local 91 Pension Plan (referred to in this Complaint as "Fund" or "Plan") is multi-employer employee benefit plan as those terms are defined in the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1002(3) and (37) (as amended). The Fund is established and maintained according to the provisions of an Agreement and Declaration of Trust. Contributions to the Funds are provided for in the collective bargaining agreement between the United Association of

Plumbers and Steamfitters Local 91 and participating employers. The Fund is administered by a Board of Trustees which consists of six Trustees, three of which are employer representatives and three of which are employee representatives.

6. Hoyt Dewayne Mabry was a participant in the Plan. The Plaintiff alleges, upon information and belief, that he died on or about January 10, 2019. At the time of his death, he had reached the age for and had sufficient service credit to obtain retirement benefits from the Plan. He had not yet begun to receive benefits.

7. The Plaintiff alleges, upon information and belief, that Heather Nicole Metcalf is an adult resident of Jefferson County, Alabama, and is one of the children of Hoyt Dewayne Mabry.

8. The Plaintiff alleges, upon information and belief, that Brian Wayne Mabry is an adult and is one of the children of Hoyt Dewayne Mabry.

9. The Plaintiff alleges, upon information and belief, that Cynthia Mabry Granberry is an adult resident of Jefferson County, Alabama. She is a former spouse of Hoyt Dewayne Mabry. The Plaintiff alleges, upon information and belief, that she was divorced from Hoyt Dewayne Mabry on February 25, 2010.

## FACTUAL ALLEGATIONS

10. The Plaintiff Plan is retirement plan funded by a Taft-Hartley trust. The Board of Trustees of the Trust are both the Plan Sponsor and the Plan

Administrator as defined by ERISA. The Trustees are fiduciaries with respect to the Plan. They are charged by law and by the terms of the Trust to use the funds in the trust for the sole and exclusive purpose of providing benefits to plan participants. Overpayment of or incorrect payment of benefits would be inconsistent with the Plan and might violate their fiduciary obligations.

11. The Plan is a retirement plan. Generally, benefits are payable only for retirement. The death of a participant prior to retirement terminates any right to a benefit. There is an exception applicable in this case. One of the benefits provided by the Plan is a so called 60-month certain benefit. This benefit is provided for in Article IV, Section 22 of the Plan. Generally, speaking, this benefit provides that 60 months of pension benefit payments may be payable without regard to whether the participant had or had not started benefits at the time of his or her death.

12. The 60-month certain benefit is a series of payments based upon the age and years of service of the participant. The benefits are paid on a monthly basis for 60 months.

13. Pursuant to the provisions of the Plan, the appropriate beneficiary is the beneficiary who is named on a beneficiary designation form or who is otherwise appropriately designated by the Plan Participant to be his or her beneficiary. If there is no appropriate beneficiary designation, the Plan provides a specific order in which the benefits will be paid. The Plan provides as follows:

> In the event benefits become payable upon the death of a Participant and no beneficiary has been properly designated, such benefits shall become payable to the personal representative of such deceased Employee if such personal representative of such deceased Employee qualified within six months following the death of such Employee and furnished satisfactory legal evidence within such six month period to the Trustees of such qualification. Otherwise, any benefits payable with respect to such deceased Employee shall be paid in order of the following succession:
>
>  (1) Widow, or widower, if none, then to
>  (2) Minor child or children, equally, if none, then to
>  (3) Adult child or children, equally, if none, then to
>  (4) Parent or parents, equally, if none, then to
>  (5) The Estate of the deceased Employee.

Plan, Article IX, Section 9

14. After the death of Mr. Mabry, his two adult children, Heather Nicole Metcalf and Brian Wayne Mabry, filed a claim for the benefits.

15. Upon receipt of the claim for benefits, Plan records were reviewed to determine whether or not Mr. Hoyt Dewayne Mabry had provided a beneficiary designation card to the Plan. No record of a beneficiary designation was located.

16. Because there was no record of a beneficiary designation, the Plan reviewed the terms of the Plan to determine the entity that would be the appropriate beneficiary. Under the terms of the Plan, the next appropriate beneficiary would be the spouse. If there were no spouse, the appropriate beneficiary would be the personal representative of the estate of the deceased participant. Six months following the death of the deceased participant, the minor

5

children of the participant would become the appropriate beneficiaries assuming no claim was filed by the personal representative, there is no beneficiary designation, and there was no spouse. If there were no minor children, the adult children would be next in line for payment.

17. The claim for benefits from the adult children was submitted less than six months after the death of Mr. Mabry. Moreover, additional information was necessary to perfect the claim, and accordingly, the claim was denied. The Plan noted when the claim was denied that it was untimely as presented and that additional information would be necessary to perfect the claim, including confirmation that Ms. Metcalf and Brian Mabry where the only children of Hoyt Dewayne Mabry and that Hoyt Dewayne Mabry was not married at the time of his death.

18. In the meantime, the Plan received a claim from Cynthia Mabry Granberry, who claimed to be a former spouse Hoyt Dewayne Mabry. She presented evidence of a beneficiary designation card which named her as the beneficiary of any benefits payable under the Plan. The Plan did not have any record of the beneficiary designation. The Plan requested additional information regarding the beneficiary designation, however, Ms. Granberry has not presented the evidence.

19. Both of the claims presented to the Plan have merit.

20. The claim of Ms. Granberry may be payable if the beneficiary designation card is authentic and if any conditions precedent to perfecting the beneficiary designation have been complied with, for example, if it is determined that the beneficiary designation is effective even though it is not in the possession of the Plan or if there is evidence demonstrating that the information was provided to the Plan. The Plan takes no position as to whether any conditions precedent are necessary or have been complied with except to say that based upon Plan records, the beneficiary designation card was not provided to the Plan.

21. The claim of the adult children may be payable if the beneficiary designation card proffered by Ms. Granberry is not authentic or if the conditions precedent to perfecting the beneficiary designation, if any, have not been complied with. The claim of the adult children would need further proof, including proof that there are no minor children, that they are the only adult children of Mr. Mabry, and that Mr. Mabry was not married at the time of his death.

22. Because each of the competing claims has merit and because payment of either claim without a determination as to which is appropriate will subject the Plan to multiple and inconsistent claims and liabilities, it is appropriate for the Court to determine the correct beneficiary.

## COUNT I
## INTERPLEADER

23. Plaintiffs incorporate by reference the contents of Paragraphs 1 through 22 of this Complaint as set forth here in their entirety.

24. This claim is asserted pursuant to Federal Rule of Civil Procedure 22.

25. The Board of Trustees believes that a 60-month certain benefit is payable to the appropriate beneficiary (or beneficiaries) of Hoyt Dewayne Mabry. The Board of Trustees is ready, willing and able to pay the benefit to the appropriate Beneficiary and assert no claim to the benefit.

26. The Board of Trustees are subject to multiple claims for the same benefit. The claims are mutually exclusive because only one payment is appropriate. The multiple claims expose the Board of Trustees to multiple liability and inconsistent obligations. Payment of multiple inconsistent obligations would likely breach the provisions of the Plan and the fiduciary responsibilities of the Board of Trustees.

27. Accordingly, the Plan requests that the court accept jurisdiction of this matter and enter an order identifying the appropriate beneficiary of the 60 month certain benefit.

The Plaintiff prays for such other, further, and different related relief to which the Plaintiff may be entitled.

8

## COUNT II
## DECLARATORY JUDGMENT

28. Plaintiffs incorporate by reference the contents of Paragraphs 1 through 27 of this Complaint as set forth here in their entirety.

29. The Plan seeks a declaration pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 of the relative rights and responsibilities of the parties to this action.

30. The Plan is subject to an actual controversy because there are multiple claims asserted against it for the same benefit.

31. The Plan believes that a 60-month certain benefit is payable to the appropriate beneficiary (or beneficiaries) of Hoyt Dewayne Mabry. The Board of Trustees are ready, willing and able to pay the benefit to the appropriate Beneficiary, and assert no claim to the benefit.

32. The Plan is uncertain as to its specific rights and responsibilities regarding payment of the benefit claims asserted against it. The plan seeks a declaration as to the appropriate beneficiary of the benefit claim.

33. The Plan is subject to multiple claims for the same benefit. The claims are mutually exclusive because there is only one payment is appropriate. The multiple claims expose the Plan and its fiduciaries to multiple liability and inconsistent obligations, including breach of fiduciary responsibilities.

34. The appropriate beneficiary, whoever that may be, should be paid in a reasonable period of time.

35. By declaring the rights of the parties, the Court will resolve the controversy which has arisen as to the appropriate beneficiary and will resolve the controversy as expeditiously as possible.

36. By resolving the controversy in this action, the Court will alleviate the need for multiple lawsuits and multiple claims relating to the identification of the appropriate beneficiary.

37. No better or more effective alternative remedy exists.

38. Accordingly, the Plan requests that the Court enter an order declaring the relative rights and obligation of the parities to this action, including declaring the appropriate beneficiary of the 60 month certain benefit.

39. The Plaintiff prays for such other, further, and different related relief to which the Plaintiff may be entitled.

## CONCLUSION

The Plaintiff prays for such other, further, and different related relief to which the Plaintiff may be entitled.

Glen Connor
Richard P. Rouco
*Counsel for the Plaintiffs*

OF COUNSEL:
Quinn, Connor, Weaver
Davies & Rouco, LLP
2 – 20th Street North, Suite 930
Birmingham, AL  35203
(205) 870-9989
gconnor@qcwdr.com
rrouco@qcwdr.com