FILED
2019 Dec-06 AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BIRMINGHAM PLUMBERS & STEAMFITTERS LOCAL UNION NO. 91 PENSION PLAN, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:19-cv-01740-JEO ) |
| HEATHER NICOLE METCALF, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

In this action, the Birmingham Plumbers & Steamfitters Local Union No. 91 Pension Plan (the "Plan") seeks a declaratory judgment in connection with a dispute over what party or parties are entitled to receive pension benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Doc.[1] 1 ("Complaint" or "Compl.")). The cause comes to be heard on the Plan's motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. (Doc. 10). The defendants, Heather Nicole Metcalf ("Metcalf"), Brian Wayne Mabry ("Brian"), and Cynthia Mabry Granberry ("Granberry") (collectively "Defendants"), have filed an answer (Doc. 4 ("Answer" or "Answ.")), an amended

---

[1] Citations to "Doc(s). ___" are to the document number(s) of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of the Court.

answer (Doc. 9 ("Amended Answer" or "Amd. Answ.")), and a response to the Plan's motion for judgment on the pleadings (Doc. 11), expressing agreement with the Plan's assertion that the pension benefits at issue are, in fact, payable to Metcalf and Brian. The court[2] will therefore enter a declaratory judgment accordingly.

## I.

According to the pleadings, the salient facts of the case are these: The Plan is a defined benefit pension plan governed by ERISA. (Compl., ¶¶ 1, 5). In relevant part, the Plan provides that if a participant dies before he or she receives 60 months of retirement income, then under specified circumstances the Plan will make monthly payments to the participant's designated beneficiary until a total of 60 months of benefits have been paid. (*Id*., ¶¶ 11-13). If a beneficiary is not properly designated, the Plan pays benefits in accordance with the terms of the Plan. (*Id.*, ¶ 13). Those terms provide that, with no designated beneficiary, the benefits become payable to the personal representative of the participant's estate if such representative presents proof of his or her qualification to the Plan administrator within six months after the participant's death. (*Id.*) Absent the

---

[2] This action was originally assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the court's general order of reference dated January 2, 2015. The parties have since consented to an exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Rule 73, Fed. R. Civ. P. (Doc. 14).

presentation of such proof by the estate representative within the six-month period, the benefits become payable, in succession, to the participant's spouse, if any; then to the participant's minor children, if any, in equal shares; then to the participant's adult children, again, in equal shares. (*Id.*)

The Plan acknowledges that it owes a benefit under the above-described Plan provisions to the appropriate beneficiary or beneficiaries of Mr. Hoyt Dewayne Mabry ("Hoyt"), a Plan participant who died on or about January 10, 2019. (Compl., ¶ 1, 6). After Hoyt's death, the Plan received a claim for those benefits from Defendants Metcalf and Brian, Hoyt's two adult children. (*Id.*, ¶¶ 7, 8, 14; Ans., ¶ 1; Amd. Answ., ¶ 2). The Plan initially denied that claim on the ground that it was filed less than six months after Hoyt's death and was therefore unripe and that additional information was required to perfect the claim, including that Hoyt was not married at the time of his death and that Metcalf and Brian were his only children. (Compl., ¶ 17).

Subsequently, the Plan received another claim for the benefits, this time from Defendant Granberry, who was married to Hoyt until their marriage ended in divorce in 2010. (Compl., ¶¶ 9, 18). She is also Metcalf and Brian's mother. (Answ., ¶ 1). The Plan alleges that Granberry claimed to have a beneficiary designation card naming her as the beneficiary of any benefits payable under the Plan. (Compl., ¶ 18). The Plan, however, says it had no record of a beneficiary

designation and thus requested that Granberry provide additional information, which she failed to produce. (*Id.*)

Ultimately, the Plan recognized that Granberry would be entitled to the benefits if she had an authentic beneficiary designation card and other conditions precedent to perfecting such a designation were satisfied. (*Id.*, ¶ 20; *see also id.*, ¶ 13). On the other hand, the Plan also acknowledged that Metcalf and Brian's claim would be valid if Granberry was not properly designated as a beneficiary and Hoyt had neither a surviving spouse, minor children, nor any other adult children. (*Id.*, ¶ 21). Given the potential for inconsistent obligations and double payment, the Plan filed this action on October 23, 2019, as one in interpleader (Compl., Count I) or for a declaratory judgment decreeing which claimant or claimants are entitled to the benefits. (*Id.*, Count II).

Defendants, acting through counsel, filed an Answer and an amendment thereto, wherein Defendants maintain that there is nothing in controversy between them, as they now agree that the benefits due under the Plan are properly payable to Metcalf and Brian. (Answ., ¶¶ 3, 5-7; Amd. Answ., at 2). They have further alleged that they are Hoyt's only children, that Hoyt had no surviving spouse, that it has been more than six months since his death and no estate has been opened (Ans., ¶¶ 1, 5; Amd. Ans., ¶¶ 2-4). The Plan then filed its instant motion for judgment on the pleadings. (Doc. 10). In it, the Plan demands a declaratory

4

judgment, based on Count II of the Complaint, ordering and decreeing: (1) that Brian and Metcalf are entitled to the benefits; (2) that Granberry is not so entitled, (3) that the Plan pay the benefits to Brian and Metcalf accordingly; (4) that Count I of the Complaint, raising a claim in interpleader, be dismissed; and (5) that each party bear its own costs and expenses. (*Id.*, at 6-7). Defendants have followed with a response generally conceding the propriety of the relief sought by the Plan (Doc. 11), further clarifying expressly that Granberry disclaims any right to the benefits. (*Id.*, ¶ 5).

## II.

Because this action involves the interpretation of an ERISA plan, the court has subject-matter jurisdiction under 29 U.S.C. § 1132 and/or 28 U.S.C. § 1331. Further, district courts are authorized to issue declaratory judgments in actions within their jurisdiction. 28 U.S.C. § 2201(a). Once the pleadings are closed, a party is authorized to move for judgment on the pleadings. Rule 12(c), Fed. R. Civ. P. "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

The parties agree, as does the court, that the pleadings establish the following: (1) Metcalf and Brian filed a claim for benefits with the Plan, (2) they

5

are Hoyt's only children, (3) more than six months have elapsed since Hoyt's death, (4) no personal representative of his estate has been appointed, (5) he had no surviving spouse; and (6) there is insufficient evidence of a properly designated beneficiary; and (7) the only potential one, Granberry, has disclaimed any entitlement to the benefits. (Doc. 10 at 5; Doc. 11). The parties further agree, and, again, so does the court, that, under those circumstances and under the relevant terms of the Plan, the benefits in question are now properly payable to Metcalf and Brian, without dispute and as a matter of law. Accordingly, the court will enter a declaratory judgment as sought by the Plan.

### III.

Based on the foregoing, the Plan's Rule 12(c) motion for judgment on the pleadings (Doc. 10) is due to be **GRANTED**. A separate final judgment will be entered.

**DONE**, this 6th day of December, 2019.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge